IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

NEIL ZUBER
    Plaintiff
vs.

MYNETTE FOLEY, M.D. and WESTERN VALLEY FAMILY PRACTICE, P.C., a Colorado corporation
    Defendants

## COMPLAINT AND JURY DEMAND

COMES NOW, the Plaintiff through undersigned counsel and complains against the Defendant as follows:

### A.  OVERVIEW

1.    This case involves the failure on the part of the Defendants to follow up on a very important test which they ordered on behalf of their patient, the Plaintiff herein. Because of the lack of follow-up, follow through, poor attention to detail, the Plaintiff went on to sustain devastating injuries which could have and should have been avoided. The Plaintiff brings this medical negligence action against his family physician, Defendant Mynette Foley and her medical practice, Western Valley Family Practice, P.C.

### B.  THE PARTIES

2.    The Plaintiff in this action is an individual, Neil Zuber, and he resides at 385 N. Rustler's Canyon Drive in Sahuarta, Arizona, 85629.

3.    Defendant Mynette Foley, M.D. hereinafter referred to as "Defendant Foley" was and is a licensed practicing physician having her medical practice located at 281 N. Plum Street, in the City of Fruita, County of Mesa, State of Colorado.

4. At all times pertinent Defendant Foley was and is a member and representative of Defendant Western Valley Family Practice, P.C.

5. Western Valley Practice, P.C. was and is a Colorado professional corporation having its principal place of business at 281 N. Plum in the City of Fruita, County of Mesa, State of Colorado. Its registered agent is Kurtis Holmes of the same address.

### C. JURISDICTION

6.. The amount in controversy in this action exceeds the sum of $75,000.00.

7. This action is brought pursuant 28 U.S.C. §1332 inasmuch as there is diversity of jurisdiction between the Defendants who are residents of the State of Colorado while the Plaintiff is a resident of the State of Arizona.

### D. GENERAL ALLEGATIONS

8. For some years the Plaintiff was a patient of Defendants. On or about December 9, 2013, the Plaintiff was seen and evaluated by Defendant Foley. On or about December 9, 2013, the Plaintiff while under the care of Defendant Foley had an exam. That exam revealed a "heart murmur." Defendant Foley was concerned regarding the Plaintiff's heart murmur and made an appointment for a test to be performed, specifically on December 11, 2013. Plaintiff was instructed to go to the local hospital, St. Mary's Hospital in Grand Junction; an appointment was made on December 11th at 1:30 p.m. where he was to go to entrance No. 4 at the St. Mary Hospital. According to the medical records the Plaintiff was advised of this appointment and he complied.

9. The Plaintiff followed the advice of Defendant Foley and had the appointment..

10. Plaintiff had this performed, the very test which ordered by Defendant Foley.

11. A diagnostic imaging echocardiogram, the test ordered by Defendant Foley, was

performed on December 11, 2013.

12. That test demonstrated and revealed mitral valve prolapse with mild regurgitation and a myxomatous mitral valve.

13. For whatever reason, upon information and belief, even though Defendant Foley ordered that test, that test never made its way into the Plaintiff's chart at the Defendant Western Valley Family Practice office.

14. Plaintiff needed, upon the results of the test, an appointment with a cardiologist. Given his condition evaluation and treatment by a cardiologist was warranted.

15. Unfortunately, because the results of the test never found their way into the Plaintiff's chart, the Plaintiff continued to see Defendant Foley and no appointment was made, no referral was generated for the Plaintiff to be seen and evaluated by a cardiologist. And, in fact, no further inquiry was made regarding Plaintiff's heart functioning.

16. The Plaintiff continued to have visits with Defendant Foley and her practice subsequent to December 2013. For instance, Plaintiff, on February 22, 2014, was seen by a Nurse Practitioner, Ona Ridgeway, an employee of Western Valley Family Practice. While Plaintiff was seen that day for a possible sinus infection nothing was stated, addressed, mentioned, or even considered regarding any heart related matter.

17. Again, Plaintiff returned to the care of Defendant Foley on September 17, 2014, for a wart on his finger. Unfortunately, the "problem list" of the Plaintiff's condition did not include anything about heart irregularities or cardiology problems.

18. Again, on November 13, 2014, Plaintiff returned to the care of Defendant Foley. At that time he complained of a sinus infection. Nothing was done to address the cardiac issue.

19. Plaintiff returned to the care of Defendant Western Valley Family Practice Clinic on June 19, 2015, complaining of sinus pain. On that date, he was seen by another physician, Michael Hughes, M.D. Unfortunately, Dr. Hughes did not address anything regarding the Plaintiff's cardiology situation. His chart remained silent as to the results of any test regarding his heart.

20. Plaintiff returned to the care of Defendant Foley, at the Defendant clinic, on March 2, 2016, for blood pressure issues. Again, there was no follow-up of the Plaintiff's heart condition. With respect to the general examination Defendant noted: "regular rate and rhythm, short diastolic mummer rad to left axilla..." Again, there was no follow-up made on behalf of Dr. Foley to discuss the previous test ordered but not acted upon by Defendant Foley from December of 2013.

21. Unfortunately, during this period of time Plaintiff did not have the benefit of a referral or consultation with a cardiologist.

22. On February 13, 2017, the Plaintiff developed acute carcinogenic shock with acute pulmonary edema from an acute mitrovalve regurgitation.

23. He was admitted to St. Mary's Hospital and underwent a cardiology evaluation and emergent and complex surgical involvement.

24. This condition required emergency mitral valve replacement and prolonged cardiac assistance for peri operative cardiogenic shock.

25. During this time the Plaintiff developed the usual post operative complications (respiratory and renal insufficiency) as a result of prolonged cardiogenic shock.

26. Plaintiff had a long, expensive, and involved hospitalization with numerous procedures which would have been avoided had he received the benefit of a cardiology consult years before as would have been mandated pursuant to the result of the test ordered but totally ignored by

the Defendants.

## E.  FIRST CLAIM FOR RELIEF

(Negligence Claim as to Defendant Foley)

27. At all times pertinent Defendant Foley had a duty to act as a reasonable and prudent physician.

28. Defendant Foley was negligent in numerous respects including by way of illustration the following:

   a. In recognizing the Plaintiff may have a cardiac issue and not following up on that finding;

   b. In ordering a test and even not even bothering to determine whether the results of the tests were to find their way into the patient's chart;

   c. In failing to place, as an item in the "problem list" in the Plaintiff's chart anything related to the Plaintiff's heart irregularities;

   d. In failing to make reasonable inquiry, on subsequent visits, of her patient as to the status of his cardiac functioning, the status of the test which she ordered (the results of which were ignored), and turning a "blind eye" to the Plaintiff's cardiac condition;

   e. In being otherwise negligent in the performance of her duties as a family physician to the Plaintiff.

20. As a direct and proximate result of the negligence of Defendant Foley the Plaintiff's heart condition went undiagnosed and untreated.

30. Plaintiff went on to sustain a severe heart attack which led to an emergency mitral valve replacement. This procedure was performed at St. Mary's Medical Center on February 14, 2017. As a consequence of the negligence of Defendant Foley Plaintiff did not receive the benefit of a cardiac consultation, and went on to sustain severe heart damage and he had to undergo major surgery with attendant hospitalization, costs, and the like. Plaintiff has sustained permanent physical impairment, emotional distress, pain, suffering , and loss of enjoyment of life. Moreover, Plaintiff has incurred economic as well as non-economic damages.

WHEREFORE, Plaintiff prays as set forth following his Second Claim for Relief.

### F.  SECOND CLAIM FOR RELIEF

(Negligent Claim as to Defendant Western Valley Family Practice)

31. Plaintiff incorporates allegations made and contained in paragraphs 1 through 31 as though set forth fully herein.

32. At all times pertinent Defendant Foley as well other employees, representatives, and agents of Defendant Western Valley Family Practice had a duty to monitor the patient's medical chart.

33. In failing to put in the Plaintiff's file/medical chart, the results from the test ordered by Defendant Foley this Defendant acting through its agents, employees, and representatives was negligent.

34. As a direct and proximate result of their negligence the Plaintiff went on to sustain a severe cardiac event which led to substantial and complex surgery, hospitalization, and economic as well as non-economic damages.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, for a a sum reasonable as and for compensatory damages, costs of this action, expert witness fees, interest at the legal rate, and for such other and further relief as this Honorable Court deems just and proper in the premises.

PLAINTIFF REQUESTS THAT THIS MATTER BE HEARD BY A JURY.

>Respectfully submitted,
>s/John Astuno, Jr.
>John Astuno, Jr.
>1290 Broadway #600
>Denver, CO 80203
>303-861-7636
>E-Mail: norma633077@gmail.com
>Attorney for Plaintiff